UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROCHELLE HODGE,            )
                           )
    Plaintiff,             )
                           )
    v.                     ) Case No. 2:17−cv−12989−GCS−EAS
                           )
SUMMIT RECEIVABLES, and    ) Honorable George Caram Steeh
ANTHONY GUADAGNA,          )
                           )
    Defendant.             )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, ROCHELLE HODGE ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, SUMMIT RECEIVABLES, a Nevada business entity, and ANTHONY GUADAGNA, an individual (collectively, "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's First Amended Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's First Amended Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 339.901 et seq. ("MOC").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k ("FDCPA").

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Detroit, Wayne County, Michigan.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant, SUMMIT RECEIVABLES, is a Nevada based debt collection

agency with its principal place of business located at 1291 Galleria Drive, Suite 170, Henderson, Nevada.

11. Defendant, ANTHONY GUADAGNA, is the president and chief executive officer of Co-Defendant, SUMMIT RECEIVABLES.

12. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

15. Defendants are engaged in the collection of debt within Michigan.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendants acted through their agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

19. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

20. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

## ROCHELLE HODGE V. SUMMIT RECEIVABLES

21. Defendant is attempting to collect a consumer debt from Plaintiff regarding a payday loan.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. In or around May 2017, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-4811, in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from 313-367-1153, which is one of Defendant's telephone numbers.

25. On more than one occasion, Plaintiff has spoken with Defendant's collectors.

26. During at least one of these conversations, Defendant threatened to garnish Plaintiff's wages.

27. During at least one of these conversations, Defendant threatened to send documents to Plaintiff's employer in order to garnish Plaintiff's paycheck.

28. Plaintiff has requested that Defendant provide written documentation to verify the alleged debt and Defendant refused to provide Plaintiff with any written documentation.

29. Despite refusing to provide written documentation to Plaintiff regarding the debt, Defendant demanded immediate payment, via debit card, over the phone.

30. On multiple occasions since Defendant began calling Plaintiff, Defendant's

collectors left voicemail messages on Plaintiff's cellular telephone number.

31. Defendant's voicemail messages insinuated legal action would be taken against Plaintiff.

32. To date, Defendant has not taken legal action against Plaintiff.

33. To date, Defendant does not have a judgment entered against Plaintiff.

34. Plaintiff has requested that Defendant stop calling her.

35. Despite Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff's cellular telephone number.

## ROCHELLE HODGE V. ANTHONY GUADAGNA

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-35 herein, with the same force and effect as if the same were set forth at length herein.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendants violated the FDCPA based on the following:

   a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendants threatened to garnish Plaintiff's wages; when Defendants insinuated legal action would be taken against Plaintiff;

6

when Defendants continued to place collection calls to Plaintiff's cellular telephone number after Plaintiff requested that Defendants stop calling her; when Defendants refused to provide written verification of the debt, and when Defendants demanded immediate payment, via debit card, on the phone;

b. Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendants continued to place collection calls to Plaintiff's cellular telephone number after Plaintiff requested that Defendants stop calling her;

c. Defendants violated § 1692e(2)(A) of the FDCPA by using false representations of the legal status of any debt, when Defendants threatened to garnish Plaintiff's wages;

d. Defendants violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of property and wages that is not intended to be taken, when Defendants threatened to garnish Plaintiff's wages and Defendants did not intend to take such action;

    e. Defendants violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendants threatened to take legal action against Plaintiff and Defendants did not intend to take such action;

    f. Defendants violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendants threatened to garnish Plaintiff's wages and threatened legal action against Plaintiff; and

    g. Defendants violated § 1692f(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, ROCHELLE HODGE, respectfully requests judgment be entered against Defendants, SUMMIT RECEIVABLES, a Nevada business entity, and ANTHONY GUADAGNA, individually, for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE MICHIGAN OCCUPATIONAL CODE

41. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's First Amended Complaint as the allegations in Count II of Plaintiff's First Amended Complaint.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendants violated § 339.915(e) of the MOC by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt, when Defendants threatened to garnish Plaintiff's wages and threatened legal action against Plaintiff;

   b. Defendants violated § 339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Defendants threatened to garnish Plaintiff's wages and threatened to take legal action against Plaintiff;

   c. Defendants violated § 339.915(f)(iii) of the MOC by misrepresenting that the nonpayment of a debt will result in the garnishment of debtor's property, when Defendants threatened to garnish Plaintiff's wages and Defendants did not intend to take such action; and

    d. Defendants violated § 339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly, when Defendants threatened to garnish Plaintiff's wages; when Defendants insinuated legal action would be taken against Plaintiff; when Defendants continued to place collection calls to Plaintiff's cellular telephone number after Plaintiff requested that Defendants stop calling her; when Defendants refused to provide written verification of the debt, and when Defendants demanded immediate payment, via debit card, on the phone.

WHEREFORE, Plaintiff, ROCHELLE HODGE, respectfully requests judgment be entered against Defendants, SUMMIT RECEIVABLES, a Nevada business entity, and ANTHONY GUADAGNA, individually, for the following:

43. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2).

44. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2).

45. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2).

46. Any other relief that this Honorable Court deems appropriate.

October 6, 2017                     Respectfully submitted,
                                    AGRUSS LAW FIRM, LLC


                          By: /s/ Michael S. Agruss
                              Michael S. Agruss, IL ARDC No. 6281600
                              4809 N. Ravenswood Avenue, Suite 419
                              Chicago, IL 60640
                              312-224-4695 – office
                              312-253-4451 – facsimile
                              michael@agrusslawfirm.com
                              Attorney for Plaintiff